BENJAMIN TUTHILL, Appellant, v. JOSIAH FELTER, Impleaded, etc., Respondent.

*Supreme Court, Second Department, General Term, June 28, 1889.*

1. *Place of trial.*—Where, on a motion to change the place of trial, it appeared that the plaintiff's agent who took the notes, and his employees who heard the contract at the time of the execution of the notes, live, and the goods for which the notes were given were to be delivered, in the proposed county, the issues will be more properly tried in, and the trial of the action is properly changed to, that county.

2. *Same. Affidavit.*—An affidavit of defendant in which the facts, to which the witnesses are expected to testify, are set out in full, is unobjectionable.

Appeal from an order changing the place of trial, upon

the ground that the ends of justice and convenience of witnesses would be promoted.

*Thomas J. Ritch, Jr.,* for appellant.

*William McCauley, Jr.,* for respondent.

BARNARD, P. J.—The paper showed that the notes were given in Rockland county. The notes were given for wood to be delivered in Rockland county. The delivery was never made, as I infer from the pleadings and affidavits if the notes were given for wood to be delivered. If given for other sales, when there were deliveries made, then there is no defense to the action. The issues, therefore, would be most properly tried in Rockland county. The plaintiff's agent, who took the notes lives there, and the plaintiff's employees, who heard the contract when the notes were given, live there.

The defendant's witnesses are not very essential on the trial. None of them witnessed the contract, and whether the cargoes of wood which were delivered by the plaintiff's employees were in execution of the contract in which the notes were given, does not appear to be within their knowledge.

The affidavit of defendant upon the motion is unobjectionable. The facts which the witnesses are expected to testify to are set out in full, and without this the motion would have been denied.

The order should, therefore, be affirmed, with costs and disbursements.

PRATT, J., concurs.